UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Gwendolyn Mitchell Henderson, | ) C/A No.: 2:12-442-SB-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Colleton Medical Center, HCA; Colleton County Dept. of Social Services; Health and Human Services, Columbia, | ) |
| Defendant(s). | ) |

_____

Plaintiff, Gwendolyn Mitchell Henderson, proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## Background

Plaintiff alleges she is a 64 year old federal agent who is pregnant with "multiple fetuses." She claims she has several different medical conditions, including, *inter alia*, insulin dependent diabetes, hypertension, fibroid tumors, permanent eye damage, cataracts, and problems with her teeth. She maintains she conceived at 48 years of age and has been pregnant for 16 years, claiming she has been on "Norvasc" and diuretics, drugs which she believes have caused her pregnancy to last for an extended period of time. She states that her doctors are telling her that she is suffering from a delusion of pregnancy called "pseudocyesis," but Plaintiff alleges the babies are kicking very hard and that she has had painful contractions. She alleges that none of the medical administrators

she has encountered want to do their jobs.

Plaintiff also alleges her mother resides at Bayview Manor Nursing Home in Beaufort, South Carolina. She states she wants her mother to come home to Walterboro, South Carolina. The allegations pertaining to Plaintiff's mother were also raised in another case filed in this District by the Plaintiff. *See Henderson v. Bayview Manor Nursing Home*, Civil Action No. 9:12-375-SB-BHH (D.S.C. 2012).[1]

In her prayer for relief Plaintiff asks for an emergency order directing the delivery of her unborn children. She also wants surgery on her left eye, and asks that her teeth be repaired. She wants telephone lines unblocked, and the repayment of a $6,000 loan she gave to her children's father, eviction of residents whom she alleges are using a recorder to damage her ears by turning the volume up, thereby causing the floor to vibrate, repayment of money paid to medical people over the years, repayment of aid given by the government but not distributed, and all expenses reimbursed for medical transportation, and "personal," for the past 16 years.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*,

---

[1] A Court may take judicial notice of its own books and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As an initial matter, Plaintiff has named Defendants who may not be sued in a

Section 1983 action. "Health and Human Services, Columbia" is, presumably, the Department of Health and Human Services. A federal district court however, lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975). Therefore, this Court lacks subject-matter jurisdiction over "Health and Human Services, Columbia."

Likewise, the Colleton County Department of Social Services is an agency of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. See *Alden v. Maine*, 527 U.S. 706, 713 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*,

protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state. Furthermore, this is true even though Plaintiff sues a county office. *See Nelson v. Herrick*, No. 3:11-00014, 2011 WL 5075649 (W.D.Va. October 26, 2011)(county departments of social services are required by state law to perform child welfare services and are therefore "arms of the state" which are shielded by sovereign immunity under the Eleventh Amendment); *Hines v. Spartanburg County Dept. of Social Services,* No.7:07-3375, 2009 WL 237837 (D.S.C. January 30, 2009)(Spartanburg County Department of Social Services was immune from suit pursuant to the Eleventh Amendment); *Jeter v. Harris*, No. 0:07-00857, 2007 WL 1795788, *2 (D.S.C. June 19, 2007) (holding that Lexington County

Department of Social Services, a county office of a state agency, was entitled to Eleventh Amendment immunity).

Additionally, purely private conduct such as that alleged against the Colleton Medical Center HCA, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 721, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Of course Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in her Complaint, nor does she claim that the Colleton Medical Center, a private business, violated her constitutional rights. Even if she had included such allegations, however, they would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the allegations of which Plaintiff complains.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); see *Hall v. Quillen,* 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of

conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. at 937; *see U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO,* 941 F.2d 1292 (2d Cir.1991). There are no allegations in Plaintiff's Complaint which attribute any of the Colleton Medical Center's actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the Defendant, such implied interpretation would not establish "federal question" jurisdiction in this case. In the absence of a named Defendant amenable to suit, it is not necessary to address the merits of Plaintiff's allegations. This case should be summarily dismissed without issuance of service of process for any of the Defendants.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.

s/Bruce H. Hendricks  
United States Magistrate Judge

February 23, 2012  
Charleston, South Carolina

***The Plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).