UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Gwendolyn Mitchell Henderson, )
)
Plaintiff, )
) Civil Action No. 2:12-442-SB
v. )
) **ORDER**
Colleton Medical Center, HCA; )
Colleton County Dept. of Social )
Services; Health and Human Services, )
Columbia, )
)
Defendants. )
_____ )

This matter is before the Court upon the Plaintiff's pro se complaint, wherein she alleges that she is a sixty-four year old federal agent who is pregnant with multiple fetuses. The Plaintiff alleges that she conceived at forty-eight years old and that she has been pregnant for sixteen years as a result of taking "Norvasc" and diuretics. In addition, the Plaintiff alleges that she suffers from the following medical conditions: insulin-dependent diabetes, hypertension, fibroid tumors, permanent eye damage, cataracts, and problems with her teeth. In her complaint, the Plaintiff claims that none of the medical administrators she has encountered want to do their jobs.[1] The Plaintiff asks for the following relief: (1) an emergency order for the delivery of her unborn children; (2) surgery on her left eye; (3) the repair of her teeth; (4) for her telephone lines to be unblocked; (5) repayment of a $6,000 loan she made to her unborn babies' father; (6) repayment of aid not given to her by the government; (7) repayment of money paid to medical people over the years; (8) all expenses and medical transportation for sixteen years; (9) the unblocking of all telephone



---

[1] In her complaint, the Plaintiff also alleges facts related to her mother; however, these facts are the subject of a separate lawsuit filed by the Plaintiff. See Henderson v. Bayview Manor Nursing Home, Civil Action No. 9:12-375-SB-BHH (D.S.C. 2012).

lines in South Carolina; and (10) eviction of residents on her street who are using a recorder to damage her ears by turning the volume so high that it causes the floor to vibrate. (Entry 1 at 10.)

On February 23, 2012, United States Magistrate Judge Bruce H. Hendricks issued a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending that the Court dismiss the Plaintiff's case without prejudice and without issuance and service of process.

In the R&R, the Magistrate Judge determined that the Plaintiff failed to name Defendants amenable to suit under 42 U.S.C. § 1983, pursuant to which a plaintiff must allege (1) the violation of a constitutional right (2) by a "person" acting under color of state law. See 42 U.S.C. § 1983. As the Magistrate Judge noted, states are not "persons" within the meaning of section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 (1989). Furthermore, the Columbia Department of Health and Human Services and the Colleton County Department of Social Services are protected by Eleventh Amendment Sovereign immunity. See Nelson v. Herrick, No. 3:11-00014, 2011 WL 6075649 (W.D. Va. Oct. 26, 2011) (noting that county departments of social services are "arms of the state" and are shielded by Eleventh Amendment immunity); Hines v. Spartanburg County Dep't of Soc. Servs., No. 7:07-3375, 2009 WL 237837 (D.S.C. January 30, 2009) (finding the Spartanburg County Department of Social Services immune from suit pursuant to the Eleventh Amendment). In addition to the aforementioned, the Magistrate Judge also determined that purely private conduct–such as that alleged against the Colleton Medical Center HCA–is not actionable under section 1983 or the Fourteenth Amendment no matter how wrongful, injurious, fraudulent, or discriminatory. See Lugar v. Edmondson Oil Co.,

2

457 U.S. 922, 937 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

The Plaintiff filed written objections to the R&R; however, in her objections the Plaintiff merely reiterates her claims and asserts that the Court can hear this case. The Plaintiff asserts that "[sovereign immunity] means that the King can do anything to its subjects," and that "sovereign immunity can be overridden by gross negligence." (Entry 10 at 5.) The Plaintiff claims that her "case is a clear case of abuse by the medical community," and she further asserts that she has "two United States Marshal[ ]s assigned to [her]" and she "want[s] them to arrest and charge those who have violated [her] rights." (Id. at 5, 9.)

After a review of the record, the Court finds that the Magistrate Judge correctly summarized the facts and applied the correct legal standards. In addition, the Court finds the Plaintiff's objections to be wholly without merit. Not only does the Plaintiff fail to identify any legal error in the R&R, but also, she fails to identify any actionable, federal claim against the named Defendants. Because the Court agrees with the Magistrate Judge's findings and conclusions, it is hereby

**ORDERED** that the R&R (Entry 8) is adopted and incorporated herein; the Plaintiff's objections (Entry 10) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 7, 2012
Charleston, South Carolina